# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BRUCE JONES, )
)
    Petitioner, )
)
v. ) Case No. CV408-111
)
FRED BURNETTE, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Bruce Jones, an inmate at Telfair State Prison in Helena, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.) Jones' petition is time-barred as it challenges a probation revocation that occurred on February 25, 1991. (Id. at 3.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

---

[1] This is the tenth habeas petition Jones has filed since November 2007. See Jones v. Burnette, No. CV408-054 (S.D. Ga. May 22, 2008).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). For petitioners like Jones whose state convictions became final prior to the effective date of AEDPA, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date AEDPA went into effect. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). As Jones' conviction became final long before AEDPA's April 24, 1996 effective date,[2] he had until April 24, 1997 to seek federal habeas corpus relief. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003). He did not file the present petition until June 18, 2008, more than eleven years after the limitations period expired. Consequently, the petition is untimely by many years.[3]

---

[2] Jones did not appeal the probation revocation, so his conviction became final when his time for filing a notice of appeal with the Georgia Court of Appeals expired. Colbert v. Head, 146 F. App'x 340, 341 (11th Cir. 2005) (petitioner's conviction became final on the date that his time for filing a direct appeal expired). Accordingly, his conviction became final on March 25, 1991, thirty days after the February 25, 1991 probation revocation under attack. O.C.G.A. § 5-6-38 (allows thirty days after the entry of judgment for an appeal).

[3] Jones filed a state habeas action, but it was dismissed in December 1995. (Doc. 1 at 4.) As it was dismissed before AEDPA's effective date and thus before the statute of limitations began to run, he cannot argue that it tolled the limitations period.

Federal district courts are empowered pursuant to Rule 4 to raise AEDPA's statute of limitation *sua sponte* and dismiss those actions that are clearly time-barred. Jackson v. Sec'y for Dep't of Corrs., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging Jones' 1991 Chatham County probation revocation is untimely by many years, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 27th day of June, 2008.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA